**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Loneta S. CARTER, Defendant–Appellant.**

No. 03–3462.

United States Court of Appeals, Seventh Circuit.

May 13, 2005.

John G. McKenzie, Office of the United States Attorney, Rockford, IL, for Plaintiff–Appellee.

Richard H. Parsons, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before CUDAHY, POSNER, and WILLIAMS, Circuit Judges.

## ORDER

All members of the original panel have voted to GRANT Loneta Carter's July 16, 2004 petition for rehearing to the extent detailed in this order. Specifically, we deny counsel's motion to withdraw, and we order a limited remand of Carter's sentence pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir.2005).

## I. Introduction

Loneta Carter pled guilty to fourteen counts of wire fraud. She received a sentence of 60 months' imprisonment and three years of supervised release. She was also ordered to pay assessments and restitution. In calculating Carter's sentence using the November 1, 2000 edition of the United States Sentencing Guidelines, the sentencing judge determined that the loss resulting from Carter's offense and relevant conduct was $1.5 million and, accordingly, applied a twelve-level enhancement. *See* U.S.S.G. § 2F1.1 (2000). The sentencing judge also added enhancements for abuse of a position of trust, violation of an administrative order, and more than minimal planning in a scheme to defraud more than one victim. After Carter appealed, her appointed counsel sought to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), contending he was unable to find a nonfrivolous issue for appeal. In an order dated June 25, 2004, we granted the motion to withdraw and dismissed the appeal. *See United States v. Carter*, 103 Fed. Appx. 33 (7th Cir.2004) (unpublished).

## II. Analysis

Carter, through her appointed counsel, then filed a petition for rehearing on July 16, 2004 asking us to reconsider our decision. As counsel noted in the petition for rehearing, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (U.S.2004), on June 24, 2004, one day before we issued our order. In *Blakely*, the Court held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 124 S.Ct. at 2536. Coun-

sel contends he was incorrect when he argued that Carter's case presented no nonfrivolous issues for appeal, as he could have argued that *Blakely* applies to the United States Sentencing Guidelines and, therefore, that Carter's sentence was unconstitutional.

We agree that counsel could have made the nonfrivolous argument that *Blakely* applied to the federal sentencing guidelines. Indeed, even before Carter filed her petition for rehearing, our circuit held in *United States v. Booker*, 375 F.3d 508 (7th Cir.2004), that *Blakely* applied to the federal sentencing guidelines. Because we agree that counsel could have presented a nonfrivolous argument on appeal, we deny counsel's motion to withdraw.

We will now proceed to review Carter's argument that her sentence was unconstitutional. Because Carter did not argue to the district court that her sentence was unconstitutional, our review is for plain error. *See United States v. Paladino*, 401 F.3d 471, 481 (7th Cir.2005); *United States v. Macedo*, 406 F.3d 778, 789, 2005 WL 851501, at *7 (7th Cir. Apr.14, 2005) (reviewing *Booker* challenge raised for first time in petition for rehearing for plain error). Under the plain error test, "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights." *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (internal quotations and citations omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

We now know that the increased sentence Carter received under the mandatory guidelines regime based on facts, including the amount of loss, neither admitted by Carter nor found by a jury constitutes error that is plain. *See Paladino*, 401 F.3d at 481. We also know that "[i]t is a miscarriage of justice to give a person an illegal sentence that increases his punishment." *Id.* at 483.

On this record, however, we cannot be certain that the district court would have imposed the same sentence with the discretion permitted by *Booker*. We note that after determining that the applicable sentencing range under the United States Sentencing Guidelines was 51 to 63 months, the district court sentenced Carter to 60 months' imprisonment, a sentence that was not at the high end of the then-mandatory range. Accordingly, we "while retaining jurisdiction of the appeal, order a limited remand to permit the sentencing judge to determine whether he would (if required to resentence) reimpose his original sentence." *Paladino*, 401 F.3d at 484. The sentencing judge should proceed on remand in accordance with the procedure we set forth in *Paladino*.

This order does not alter our previous determination that the other issues counsel considered raising were frivolous. *See United States v. Carter*, 103 Fed.Appx. 33 (7th Cir.2004) (unpublished).

### III. Conclusion

We GRANT the petition for rehearing to the extent described in this order. Counsel's motion to withdraw is DENIED, and we order a limited REMAND of Carter's sentence in accordance with the procedure set forth in *United States v. Paladino*.